LAZARUS S. MURAD, Respondent, *v*. ELLIS R. THOMAS, Appellant, Impleaded, etc.

*Commitment of a party for contempt — attendance of such a party upon the court upon an application for his discharge — such attendance does not entitle him to claim the privilege of a witness and freedom from arrest while so in attendance.*

Appeal from an order made at a Special Term denying a motion to set aside a commitment.

A fine had been imposed upon the defendant by an order of the court because of his violation of an injunction, and his commitment was ordered until he should pay the fine or be otherwise sooner discharged by the court. Under this order a commitment had been issued upon which the defendant was arrested and committed to prison, and he applied for his discharge from the imprisonment, by *habeas corpus*, on the ground of the insufficiency of the commitment itself.

During the pendency of that proceeding he was committed to the custody of his counsel, and appeared in person when it was finally decided and an order made for his discharge. Immediately succeeding this order a further commitment was issued upon which the defendant was at once arrested, and he applied to be relieved

from that arrest for the reason that he was privileged as a party in attendance upon the other proceeding.

The court at General Term said : " For all the purposes of the case he continued in custody from the time when he was brought before the judge by the *habeas corpus* until the order was made for his discharge. Theoretically as well as in fact he was during the whole time under restraint and could not, therefore, entitle himself to be relieved from the second commitment on any ground of privilege from arrest. This second commitment was issued to supply the defects found to exist in the one which preceded it, and for that reason it was sanctioned by the practice of the court. (*Snyder* v. *Van Ingen*, 9 Hun, 569.) It was warranted by the order itself, which directed the effectual imprisonment of the defendant until he should pay the fine imposed upon him or be otherwise discharged, and that under the circumstances could only be secured by issuing and executing the second commitment." * * *

*E. Cooke*, for the appellant.

*S. F. Kneeland*, for the respondent.

Opinion by DANIELS, J. ; DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.